Howex, J.,
delivered the opinion of the court:
It was established on a former hearing of this cause by competent evidence that the vessel was registered, taken by the French, and condemned at Cape Francois. Both parties relied upon the decree of the prize court, the claimants alleging illegality and defendants contending for presumptive regularity of the condemnation, but neither side producing either decree or an authenticated copy. It was shown that the prize records were probably destroyed by fire. No invoice, charter party, bill of lading, and no evidence by way of protest appeared. An affidavit made about a quarter of a century after the capture and covered in a memorial addressed to the commissioners appointed under the eleventh article of the treaty_of February 22,1819, between the United States and Spain, in support of the other testimony was offered and rejected as insufficient in law to establish the material things in issue. The conclusion respecting this memorial was not rested upon the insufficiency of its probative force standing alone. The statement in the opinion that no one of the persons qualifying to the memorial professed knowledge of the illegality of the alleged acts following the seizure merely emphasized the want of value of the memorial to establish the illegal condemnation if it were otherwise competent. The memorial not being admissible for any purpose, and the competent evidence in the case not proving the illegality of the decree condemning the prize, it was held that the claim was not one relinquished to France by this Government and not one which the United States assumed to pay under the act of January 20, 1885. (36 C. Cls. R.., 239.)
Newly discovered evidence, contained in a newspaper account of the proceedings subsequent to the capture, is now offered as the basis of the motion for a new trial. This was really in the case before, but seems to have been overlooked by the counsel most interested in presenting it to the court. The evident mistake of counsel in assuming that it did not *108 exist at the time the case was first heard leads the court to give it present consideration.
This newspaper recital appears in the Commercial Gazette, published at Boston, Mass., January 29, 1798, and shows that the brig had been taken and condemned, and that the captain’s papers, after being in the hands of the pri-vateersman for several days, were laid loose in the office of a consul, when they were packed up and sent to the place of condemnation; that the papers were examined by the judges, and the invoice, letters of instruction, and role d?équvpage were found missing; that-the captain, finding he had been robbed of his most valuable papers and being well assured that the want of them would be greatly against him, lost no time in protesting for the destruction; but in an hour the tribunal passed judgment against him for want of his role d'éqyd'page, and failing to obtain a suspension of the judgment, the captain took passage for Norfolk, where he arrived a few days after the condemnation.
The fundamental principle of the law of evidence requires that a party shall produce the best, evidence. There was a decree, but the record of the proceedings being destroyed by-fire, the door is thus opened to secondary evidence. This is the common-law rule applicable to every case.
If a court had been in existence at the outset with jurisdiction to investigate the circumstances to which the paragraph offered in evidence is supposed to relate, this newspaper account would not have been admissible to supply the contents of the decree if lost or to contradict its recitals in any event. It is not the kind of a paper which if offered in a court of justice at that time would have proved anything. If it would have been without value then to establish what it purports to speak to, it can prove nothing now unless there be something in the act of our jurisdiction which makes it competent.
Section 5 of the.act provides for obtaining evidence and documents relative to these claims to be used before the court and includes such as may be filed in the Department of State after the passage of the act. Assuredly such evidence and documents on file or to be filed under authority of the act *109 may be used in every case, but made applicable as evidence only wlien found competent according to the rules of law, municipal and international, and the treaties applicable to the same under the proviso to a preceding section, which defines the manner of the use.
It is needless to consider the admissibility of the evidence offered as an ancient writing, because the paper lacks every essential requirement of the law to prove the thing at issue. The inference to be drawn from the language of the extract is that the master was not at the place 'Avhere the paper was published and had not been there after the condemnation, but had gone to Yirginia. This uncertain statement, uncertain because of its indefinite source, is beside the competency of the newspaper declarations' in general. (It is significant in this connection to note that the newspaper account contradicts the recitals of that other incompetent paper designated as the “ Memorial to the Spanish Commission.” That memorial shows that the ship’s papers were delivered to the French consul in the presence of the master, who wrapped them all up and put a seal upon them, and that they were delivered with the vessel and cargo at the place of condemnation.)
Who furnished the' information to the newspaper and whence it came we do not know. How much truth there is in it we can not say. It is not meant to imply that the newspaper may not be good' as an ancient writing for some purposes, as for instance, to show prices current, the state of the market, and the arrival and departure of vessels from the port. Whether admissible for anything else need not be determined. But as proof of the illegal acts of the French it is absolutely worthless. The rule respecting the admissibility of ancient writings embraces no instrument not valid upon its face without proof. This is so as regards an ancient deed or an ancient will. (Meegan v. Boyle, 19 Flow., 130.) Still less should we say that a newspaper extract of the kind offered here, to prove an illegal condemnation of a ship in another part of the world, has any value as evidence.
The motion for new trial is overruled, and the conclusions of the court will be reported to Congress together with a copy of this opinion.